UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES,

                Plaintiff,

  -against-                                                    6:11-CV-01365 (LEK/DEP)

JERRY SANTY,

                Defendant.

## DECISION and ORDER

**I.    INTRODUCTION**

On November 18, 2011, Plaintiff commenced this action alleging that Defendant Jerry Santy ("Defendant") defaulted on a promissory note. Dkt. No. 1 ("Complaint"). Currently before the Court is Plaintiff's Motion for entry of a default judgment brought pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. See Dkt. No. 7 ("Motion").

**II.   BACKGROUND**

Defendant is a resident of Herkimer County, New York. Compl. ¶ 1. The Complaint alleges that Defendant executed a promissory note to secure loans from the Department of Education and that has failed to repay loans in full. See generally Compl. Plaintiff alleges that the current principal after application of all prior payments, credits, and offsets is $2,379.70, that the current capitalized interest balance and accrued interest is $4,292.22, and that the total amount owed by Defendant to Plaintiff (the sum of the two prior dollar amounts) is $6,671.92. Compl. at 2. Plaintiff did not file an answer to the Complaint, and on January 3, 2012, Defendant filed a Request for an entry of default. Dkt. No. 4. On January 4, 2012, the Clerk of the Court filed an Entry of default

against Defendant.  Dkt. No. 6.  In its Motion, Plaintiff additionally requests that the Court order that Plaintiff is entitled to recover the $150 filing fee from Defendant per 28 U.S.C. § 1914(a) and a $25 fee for "service and travel" per 28 U.S.C. § 1921.  Mot. at 2.

### III.    DISCUSSION

"Generally, 'Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant.'"  United States v. Simmons, No. 5:10-CV-1272, 2008 WL 685498, at *2 (N.D.N.Y.  Mar. 2, 2012) (quoting Robertson v. Doe, No. 05-CV-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008)).  "First, under Rule 55(a), when a party fails to plead or otherwise defend . . . the clerk must enter the party's default."  Id. (internal quotation marks omitted); see also FED. R. CIV. P. 55(a).  "'Second, pursuant to Rule 55(b)(2), the party seeking default is required to present its application for entry of judgment to the court.'"  Simmons, 2008 WL 685498, at *2 (quotation omitted).  "'Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment.'"  Id. (quotation omitted); see also FED. R. CIV. P. 55(b)(2).

"When a default is entered, the defendant is deemed to have admitted all of the well-pleaded factual allegations in the complaint pertaining to liability."  Bravado Intern. Group Merchandising Services, Inc. v. Ninna, Inc., 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009) (citing Greyhound Exhibitgroup, Inc. v. E.L. U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992)).  "While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation."  Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974) (citations omitted); see also Bravado Intern., 655 F. Supp. 2d at 189 (citation omitted).  "[E]ven upon default, a court may not rubber-stamp the non-defaulting

2

party's damages calculation, but rather must ensure that there is a basis for the damages that are sought." Robertson, 2008 WL 2519894, at *3. "The burden is on the plaintiff to establish its entitlement to recovery." Bravado Intern., 655 F. Supp. 2d at 189 (citation omitted). "While 'the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing.'" Id. at 190 (quotation omitted).

The moving party also must include an affidavit setting forth that: (1) the responding party is not an infant, incompetent, or in the military service; (2) the responding party has defaulted in appearance in the action; (3) service was properly effected under Rule 4 of the Federal Rules of Civil Procedure; (4) the amount sought is justly due and owing, and no part has been paid; and (5) the disbursements sought to be taxed have been made in the action or will necessarily be made or incurred.  See N.D.N.Y.L.R. 55.2(a).

Plaintiff has satisfied the procedural requirements of Federal Rule 55 and Local Rule 55.2. To satisfy L.R. 55.2(b), Plaintiff accompanied its Motion with a Certificate of entry of default entered by the Clerk on January 4, 2012, a proposed form of default judgment, and a copy of the Complaint and the instant motion. See Mot.  Plaintiff has also submitted Affidavits setting forth the following facts to satisfy Local Rule 55.2(a): (1) Defendant is not an infant, incompetent, or in the military; (2) Defendant failed to appear in this action; (3) Defendant was properly served with the Summons and Complaint; (4) Defendant failed to make payments on the loans; and (5) disbursements sought to be taxed have been made.  See generally Mot.

In the present matter, Plaintiff has established, through its Complaint, that it is entitled to judgment in its favor as to liability.  Further, Defendant's default serves as an admission of all well-pleaded allegations in the Complaint.  See Volkswagen A.G. v. V.W. Parts, Inc., No.

3

08-CV-820, 2009 WL 1045995, at *1 (N.D.N.Y. Apr. 20, 2009). However, the default does not serve as an admission of damages. See id. While a plaintiff usually bears the burden of establishing damages in an evidentiary proceeding, if the damages are susceptible to mathematical computation or the amount is liquidated, a court need not conduct an evidentiary proceeding because there is a basis for calculating the damages. See id.; U.S. v. Williams, No. 12-CV-0124, 2012 WL 1977969, at *2 (N.D.N.Y. June 01, 2012). Here, no evidentiary proceeding is necessary. See Williams, 2012 WL 1977969, at *2. The materials submitted with the Complaint, together with the affidavits in support of the Motion for default judgment, are sufficient to establish damages on the promissory notes because the principal owed on the notes and the interest are susceptible to mathematical computation.

However, the submissions fail to establish a right to costs. First, Plaintiff requests reimbursement of a filing fee of $150, when the filing fee in this District is fact $350. Second, the Civil Cover Sheet filed along with the Complaint explicitly states that the filing fee was waived in this case, directly contravening Plaintiff's claim. Dkt. No. 1-2. Plaintiff is therefore clearly not entitled to the $150 dollars it requests. Further, outside of a bare assertion that it incurred costs in the course of "service and travel," Plaintiff has provided no proof of any such costs. See Williams, 2012 WL 1977969, at *2.

### IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion for default judgment (Dkt. No. 7) is **DENIED** as to costs and it is further

**ORDERED**, that Plaintiff's Motion for default judgment (Dkt. No. 7) is **GRANTED in**

**part**; and it is further

> **ORDERED**, that the Clerk of the Court shall enter judgment in favor of Plaintiff and against Defendant in the sum of $6,671.92,[1] plus post-judgment interest calculated pursuant to 28 U.S.C. § 1961; and it is further

> **ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:   July 30, 2012
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge

---

[1] This figure represents the sum of the current principal after application of all prior payments, credits, and offsets ($2,379.70) and the current capitalized interest balance and accrued interest is ($4,292.22).